FILED
United States Court of Appeals
Tenth Circuit

July 26, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

JAMES BEDARD,

     Plaintiff - Appellant,

v.

NATIONAL CASUALTY
INSURANCE COMPANY; ROUSH
TRUCKING COMPANY
INCORPORATED,

     Defendants - Appellees.

No. 12-3067
(D.C. No. 6:11-CV-01396-JTM-KMH)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

James Bedard, appearing pro se, appeals from the district court's grant of

summary judgment in favor of National Casualty and Roush Trucking. The

district court dismissed Mr. Bedard's federal suit based on res judicata, collateral

estoppel, and the Rooker-Feldman doctrine, as he litigated essentially the same

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

claims before all levels of Kansas courts. <u>Bedard v. Nat'l Cas. Ins. Co.</u>, No. 11-1396-JTM, 2012 WL 602338 (D. Kan. Feb. 23, 2012).

The parties are familiar with the facts and we need not restate them here, other than to say that this matter involves a dispute over uninsured motorist (UIM) benefits Mr. Bedard claims that he is entitled to, though state courts did not agree. <u>See</u> <u>Bedard v. Scottsdale Ins.</u>, No. 101,544, Memorandum Op. (Kan. Ct. App. Jan. 8, 2010) (per curiam); R. 44-47. Mr. Bedard argues that the prior Kansas proceedings are void based on any of four problems: (1) a violation of his Fourteenth Amendment right to due process, (2) federal diversity and federal question jurisdiction, which deprived the Kansas courts of subject matter jurisdiction, (3) fraud on the part of the defendants, and (4) erroneous application of Kansas statutes. Aplt. Br. 13-16. Mr. Bedard further argues that, because the state court proceedings are void, the district court erred by applying res judicata, collateral estoppel, and the Rooker-Feldman doctrine to his federal suit. <u>Id.</u> at 17-18. He also suggests that the district court may have held him to too high a standard as a pro se litigant. <u>Id.</u> at 19-21.

The district court properly dismissed Mr. Bedard's federal suit. First, Mr. Bedard's challenge to the Kansas courts' jurisdiction to hear his case is legally flawed: state courts are courts of general jurisdiction, and those courts generally may entertain claims grounded in federal law. To the extent federal claims should have been alleged and were not, that error is Mr. Bedard's responsibility. Second,

Mr. Bedard's allegations of fraud do not give rise to a Fourteenth Amendment or Rule 60(b) claim. Mr. Bedard's claim was considered by at least three Kansas courts, meaning he received all the process he was due; any allegation of fraud by a private party defendant does not change this result. Furthermore, Rule 60(b) is a *Federal* Rule of Civil Procedure; it can provide relief from a *federal* judgment that was obtained via "fraud . . ., misrepresentation, or misconduct by an opposing party," Fed. R. Civ. P. 60(b)(3), but not from a *state* judgment. Regardless of the standard to which Mr. Bedard, a pro se litigant, was held, his claims were properly rejected by the district court.

Mr. Bedard tried to present new claims and evidence in the Kansas proceedings but was not able to do so. This, he claims, precludes application of res judicata or collateral estoppel. But Mr. Bedard filed for bankruptcy during the pendency of his state court proceedings, meaning that those proceedings became part of his bankruptcy estate. The proceedings continued under the direction of the bankruptcy trustee, and were finally resolved by Kansas courts.

Mr. Bedard's clear intent is to re-litigate claims that were finally determined in Kansas courts. The district court correctly applied res judicata, as Mr. Bedard sued the same parties and made the same claims in state court, had a full opportunity to litigate his claims, and received a judgment on the merits. The district court correctly applied collateral estoppel, as Mr. Bedard could have raised his federal regulations claims in the state court proceedings but did not.

And the district court correctly applied the Rooker-Feldman doctrine, as Mr. Bedard asked the district court to serve as an appellate body over Kansas courts.

AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge